IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-45,179-02






EX PARTE ALLEN BRIDGERS








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 114-81252-97 IN THE 114
TH DISTRICT COURT


SMITH COUNTY





 Per Curiam. 



O R D E R



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure article 11.071.

 In April 1998, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Code of Criminal Procedure article
37.071, and the trial court, accordingly, set punishment at death. This Court affirmed. 
Bridgers v. State, No. AP-73,112 (Tex. Crim. App. Oct. 25, 2000)(not designated for
publication). Applicant's timely filed initial writ was denied by this Court on May 31,
2000. Ex parte Bridgers, no WR045,179-01 (Tex. Crim. App. May 31, 2000) (not
designated for publication).

 Applicant presented two allegations in his application. In his first claim, applicant
asserted that his execution would violate the United States Supreme Court's opinion in
Atkins v. Virginia, 536 U.S. 304 (2002), holding that the Eighth Amendment prohibits the
execution of the mentally retarded. In his second claim, applicant asserted that due process
would be violated if he were executed without a full and fair hearing on the claim of mental
retardation and the tools necessary to establish that claim. By written order dated July 21,
2006, applicant's claims were remanded to the trial court for consideration and this Court
instructed the trial court to hold a live hearing on the issue. Ex parte Bridgers, No. WR-45,179-02 (Tex. Crim. App. July 21, 2006) (not designated for publication).

 On remand, the trial court conducted a live hearing, after which it entered findings of
fact and conclusions of law recommending that relief be denied on applicant's claims. This
Court has reviewed the record. We adopt the trial judge's findings and conclusions. Based
upon the trial court's findings and conclusions and our own review, the relief sought is
denied.

 IT IS SO ORDERED THIS THE 12TH DAY OF SEPTEMBER, 2007.


Do Not Publish